**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-0639-WJM-MEH

TUCKER, ALBIN AND ASSOCIATES, INC.,

      Plaintiff,

v.

WILLIAM M. HENNESSY,

      Defendant.

---

**DEFENDANT'S ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES**

---

      Defendant William M. Hennessy, by and through his counsel, Bradley A. Levin and Robyn Levin of LEVIN SITCOFF PC, states and alleges as follows for his Answer and Counterclaims to Plaintiff Tucker, Albin, and Associates, Inc. ("Tucker Albin") Complaint for Injunctive Relief and Damages:

**ANSWER**

**NATURE OF THE ACTION**

      1.      In response to Paragraph 1 of the Complaint, Mr. Hennessy admits that a lawsuit was filed by Defendant Tucker Albin in the United States District Court for the District of Colorado on March 3, 2021, Civil Case No. 1:21-cv-00639-WJM-MEH ("the Lawsuit").

      2.      Paragraph 2 of the Complaint states legal conclusions for which no response is required. To the extent the Court requires a response, Mr. Hennessy denies that he is in possession

of trade secrets and/or confidential information and denies that he is unlawfully soliciting Tucker Albin customers.

## IDENTIFICATION OF PARTIES

3.       Mr. Hennessy admits, upon information and belief, the allegations in Paragraph 3.

4.       Mr. Hennessy admits the allegations in Paragraph 4.

## JURISDICTION AND VENUE

5.       Paragraph 5 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that the Complaint is proper pursuant to the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836-39, *et seq*. and U.S.C. §§ 1331 and 1334.

6.       Paragraph 6 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that the Complaint is proper pursuant to the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836-39, *et seq*. and U.S.C. §§ 1331 and 1334, and accordingly denies that supplemental jurisdiction over the state law claims is proper.

7.       Paragraph 7 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that there is diversity jurisdiction because the amount-in-controversy does not exceed $75,000.

8.       Paragraph 8 of the Complaint states legal conclusions for which no response is required.

9.      Paragraph 9 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that there is diversity jurisdiction because the amount-in-controversy does not exceed $75,000.

## FACTUAL ALLEGATIONS

10.      Mr. Hennessy admits, upon information and belief, the allegations in Paragraph 10.

11.      Mr. Hennessy admits the allegations in Paragraph 11.

12.      Mr. Hennessy denies the allegations in Paragraph 12.

13.      Mr. Hennessy denies the allegations in Paragraph 13.

14.      In response to Paragraph 14 of the Complaint, Mr. Hennessy admits that the document exists.

15.      In response to Paragraph 15 of the Complaint, the document speaks for itself and Mr. Hennessy denies any allegations in Paragraph 15  inconsistent therewith.

16.      Paragraph 16 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that the agreement is enforceable.

17.      Paragraph 17 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that the agreement is enforceable.

18.      Paragraph 18 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that the agreement is enforceable.

19.     Paragraph 19 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that the agreement is enforceable.

20.     Paragraph 20 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that the agreement is enforceable.

21.     In response to Paragraph 21, Mr. Hennessy admits that he was a successful business development representative and salesperson.  Mr. Hennessy denies that he has been fully compensated for his work with Tucker Albin.

22.     Mr. Hennessy lacks access to the documents necessary to answer the allegations in Paragraph 22 of the Complaint. To the extent the Court requires an answer, Mr. Hennessy denies the allegations in Paragraph 22 of the Complaint.

23.     Mr. Hennessy lacks access to the documents necessary to answer the allegations in Paragraph 23 of the Complaint. To the extent the Court requires an answer, Mr. Hennessy denies the allegations in Paragraph 23 of the Complaint.

24.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 24 of the Complaint. To the extent the Court requires an answer, Mr. Hennessy denies the allegations in Paragraph 24 of the Complaint.

25.     Mr. Hennessy lacks access to the documents necessary to answer the allegations in Paragraph 25 of the Complaint. To the extent the Court requires an answer, Mr. Hennessy denies the allegations in Paragraph 25 of the Complaint.

26.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 26 of the Complaint.

27.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 27 of the Complaint. To the extent the Court requires an answer, Mr. Hennessy denies the allegations in Paragraph 27 of the Complaint.

28.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 28 of the Complaint. To the extent the Court requires an answer, Mr. Hennessy states that the characterization of the call transcript misconstrues its content, and denies the portions of Paragraph 28 which contain allegations against Mr. Hennessy.

29.     Mr. Hennessy denies the allegations in Paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint states legal conclusions for which no response is required.

**CLAIMS FOR RELIEF**

<u>COUNT ONE</u>
<u>MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE</u>
<u>SECRETS ACT OF 2016 ("DTSA") 18 U.S.C. § 1836, ET SEQ.</u>

33.     Mr. Hennessy hereby incorporates his answers to all preceding paragraphs.

34.     Paragraph 34 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that the Complaint is proper pursuant to the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836-39, *et seq*. and U.S.C. §§ 1331 and 1334.

35.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 35 of the Complaint.

36.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 36 of the Complaint.

37.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 37 of the Complaint.

38.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 38 of the Complaint.

39.     Mr. Hennessy denies the allegations in Paragraph 39 of the Complaint.

40.     Mr. Hennessy denies the allegations in Paragraph 40 of the Complaint.

41.     Mr. Hennessy denies the allegations in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 42 of the Complaint.

43.     Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 43 of the Complaint. To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint states legal conclusions for which no response is required.

46.     Paragraph 46 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint states legal conclusions for which no response is required.

48.     Paragraph 48 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 48 of the Complaint.

<u>COUNT TWO</u>
<u>VIOLATION OF THE COLORADO UNIFORM TRADE SECRETS ACT ("CUTSA")</u>
<u>COLO. REV. STAT. ANN. §§ 7-74-101, ET SEQ.</u>

49.     Mr. Hennessy hereby incorporates his answers to all preceding paragraphs.

50.     Paragraph 50 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy specifically denies that he misappropriated trade secrets within the meaning of the CUTSA.

51.     Mr. Hennessy denies the allegations in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 52 of the Complaint.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 53 of the Complaint.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint states legal conclusions for which no response is required.

55.     Paragraph 55 of the Complaint states legal conclusions for which no response is required.

COUNT THREE
BREACH OF CONTRACT

56.     Mr. Hennessy hereby incorporates his answers to all preceding paragraphs.

57.     Paragraph 57 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 59 of the Complaint.

60.     Mr. Hennessy denies the allegations in Paragraph 60 of the Complaint.

61.     Mr. Hennessy denies the allegations in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint states legal conclusions for which no response is required.

COUNT FOUR
BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

63.     Mr. Hennessy hereby incorporates his answers to all preceding paragraphs.

64.     Paragraph 64 of the Complaint states legal conclusions for which no response is required.

65.     Paragraph 65 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 65 of the Complaint.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 67 of the Complaint.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 67 of the Complaint.

COUNT FIVE
BREACH OF LOYALTY

68.     Mr. Hennessy hereby incorporates his answers to all preceding paragraphs.

69.     Paragraph 69 of the Complaint states legal conclusions for which no response is required.

70.     Paragraph 70 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 71 of the Complaint.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 71 of the Complaint.

COUNT SIX
TORTIOUS INTERFERENCE WITH CONTRACT
AND WITH BUSINESS RELATIONS

72.     Mr. Hennessy hereby incorporates his answers to all preceding paragraphs.

73.     Mr. Hennessy admits the allegations in Paragraph 73 of the Complaint.

74.     Mr. Hennessy denies the allegations in Paragraph 74 of the Complaint.

75.     Mr. Hennessy denies the allegations in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint states legal conclusions for which no response is required.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 77 of the Complaint.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 78 of the Complaint.  To the extent the Court requires a response, Mr. Hennessy denies the allegations in Paragraph 78 of the Complaint.

<u>COUNT SEVEN</u>
<u>UNFAIR COMPETITION</u>

79.     Mr. Hennessy hereby incorporates his answers to all preceding paragraphs.

80.     Mr. Hennessy denies the allegations in Paragraph 80 of the Complaint.

81.     Paragraph 81 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint states legal conclusions for which no response is required, and Mr. Hennessy lacks personal knowledge from which he would be able to answer Paragraph 82 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

1.     Plaintiff's Complaint fails to state a claim for which relief can be granted.

2.     Plaintiff's claims are barred by the failure to establish jurisdiction.

3.     Plaintiff's claims fail, in whole or in part, because Mr. Hennessy possesses no property or proprietary information belonging to Plaintiff.

11

4.      Plaintiff's claims fail, in whole or in part, because Plaintiff has failed to identify any specifically legally protected trade secrets or confidential information.

5.      Plaintiff's claims fail, in whole or in part, because any information alleged to be used by Mr. Hennessy contained no proprietary, confidential, or trade secret information belonging to Plaintiff.

6.      Plaintiff's claims fail, in whole or in part, because any information alleged to be used by Mr. Hennessy could have been independently developed, was readily accessible and/or constituted public information and/or information which was well known in the collections industry.

7.      Plaintiff's claims fail, in whole or in part, because Plaintiff has not exercised reasonable or sufficient efforts to maintain the secrecy of any information alleged in the Complaint.

8.      Plaintiff's claims fail or are subject to reduction to the extent that Plaintiff has failed or in the future fails to satisfy its duty to mitigate its alleged damages.

9.      Plaintiff's claims fail or are subject to reduction pursuant to the head start doctrine.

10.     Plaintiff's claims are barred, in whole or in part, because the contractual provisions at issue are unenforceable or subject to limitation by the Court. Specifically, the restrictive covenant at issue violate Colorado's public policy, as codified by statute, against covenants not to compete.

11.     Plaintiff's claims fail, in whole or in part, because the Complaint constitutes an improper effort to restrain competition and employee mobility in violation of Colorado public policy.

12.     Plaintiff's claims fail, in whole or in part, because Plaintiff has suffered no harm, irreparable or otherwise, and because Plaintiff cannot establish any damages.

13.     Plaintiff's claims are barred by the doctrines of *in pari delicto*, unclean hands, waiver, laches, and estoppel.

14.     Mr. Hennessy denies all allegations in the Complaint not specifically admitted herein.  Mr. Hennessy reserves the right to amend his Answer to include additional affirmative defenses, or to withdraw previously pled affirmative defenses, as discovery reveals.

WHEREFORE, Defendant William Hennessy respectfully prays for judgment in his favor and against Plaintiff Tucker Albin and Associates, Inc. on the Injunctive Relief and Damages set forth in the Complaint, for an award of his costs and attorneys' fees as provided by law, and such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS FOR RELIEF

## PARTIES, JURISDICTION, AND VENUE

1.      These Counterclaims for Relief arise out of the employment relationship described in the Complaint.

2.      Counterclaim Plaintiff William Hennessy ("Mr. Hennessy") is a resident of Douglas County, Colorado.

3.      Counterclaim Tucker Albin and Associates, Inc. ("Tucker Albin") is a Texas corporation.

4.      Tucker Albin conducts business in Colorado.

5.      Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over these Counterclaims which are related to the claims in the action.

## **GENERAL ALLEGATIONS**

6.     Mr. Hennessy was employed by Tucker Albin for approximately seven years.

7.     Mr. Hennessy's employment was terminated on February 9, 2021.

8.     Generally, prior to his termination, Mr. Hennessy was paid on a weekly basis.

9.     Mr. Hennessy's payment was made on a draw versus commission basis.

10.     Mr. Hennessy had a $5,000/month draw. Accordingly, each month he was automatically paid $5,000 divided by the number of days worked for the month. The draw was paid out each Friday. So, if, for example, Mr. Hennessy worked 20 days in a given month, he would be paid $250 per day worked. On each Friday of the exemplar month he would receive a check for $1,250 (*i.e.*, 250 x 5), minus standard payroll deductions and taxes.

11.     Mr. Hennessy was paid a commission for each deal that he settled. The commission percentage could vary from deal to deal, but was generally set at 25%. Mr. Hennessy's commission for each month was paid out the second Friday of each month. So, for example, Mr. Hennessy's January commission would be paid to him on the second Friday of February.

12.     Because Mr. Hennessy's payment was on a draw vs. commission basis, his total draw amount received in the previous month would be deducted from the commission amount paid the following month. Thus, Mr. Hennessy's February commission check should constitute his January commissions, minus his total January draw.

13.     Mr. Hennessy's monthly commission check would also include commissions from deals that had come in earlier but had not had verified payments at the time the commission check was due.

14.     Once a payment from a deal was verified, Tucker Albin would obtain the funds and include the commission from the verified payment in the next commission check.

15.     At the time of Mr. Hennessy's termination – which occurred prior to the second Friday in February 2021 – his January 2021 commission had not yet been paid to him.

16.     Mr. Hennessy generated approximately $25,000 in fees for Tucker Albin in January 2021. At his standard 25% commission rate, his January 2021 commissions were approximately $6,250.

17.     Mr. Hennessy's January 2021 draw – prior to payroll and tax deductions – was $5,000.

18.     At the time of termination, the January 2021 commissions owed to Mr. Hennessy totaled approximately $1,250.

19.     Mr. Hennessy had an outstanding payment verification in process at the time of his termination, and upon verification he was owed approximately $550.

20.     Mr. Hennessy resolved at least two settlements in February 2021 prior to his termination.

21.     Mr. Hennessy's outstanding commission from his February 2021 settlements totaled approximately $8,500.

22.     February 2021 has twenty workdays. Accordingly, Mr. Hennessy was owed $250 per day that he worked during the month of February. Mr. Hennessy received a paycheck on February 5, 2021 for his first February draw, which totaled $1,065.38. Presumably, the $1,065.38 represented the $1250 owed for the first week of February minus payroll and tax deductions.

23.     Since Mr. Hennessy was terminated on February 9, 2021, he was owed $500 of his draw, minus payroll and deductions, on his date of termination.

24.     On February 12, 2021, Mr. Hennessy received a payroll deposit for $371.66. That was the total amount paid to him following his termination.

25.     Based on his February 2021 settlements and draw received, on the date of termination, Mr. Hennessy was owed his approximately $8,500 February 2021 commission minus the $1,250 February 2021 draw he had already received. Accordingly, on the date of termination, Mr. Hennessy was owed approximately $7,250 for his February 2021 commissions.

26.     After Mr. Hennessy was paid the $371.66 in his final paycheck, he was owed $6,878.34 in his final paycheck.

27.     After tallying his outstanding January 2021 commission, February 2021 commission, and payment verification, Mr. Hennessy was and is owed approximately $8,678.34.

## FIRST CLAIM FOR RELIEF
### Violation of the Colorado Wage Act

28.     All preceding paragraphs are incorporated by reference herein.

29.     Counterclaim Plaintiff William Hennessy was an employee of Tucker Albin as that term is defined in C.R.S. § 8-4-101(5).

30.     Counterclaim Defendant Tucker Albin is an employer as that term is defined in C.R.S. § 4-4-101(6).

31.     At the time of his separation from Counterclaim Defendant, Mr. Hennessey was owed wages and commissions.

32.     Counterclaim Defendant failed to pay Mr. Hennessy his owed wages within 24 hours of separation or by the next regularly scheduled payday.

33.     Counterclaim Defendant's refusal to pay wages is willful.

34.     As a result, Mr. Hennessy is entitled to an award of his wages plus statutory penalties pursuant to C.R.S. § 8-4-109(b) and (c), costs, and attorney fees pursuant to C.R.S. § 8-4-110.

## SECOND CLAIM FOR RELIEF
### Civil Theft

35.     All preceding paragraphs are incorporated by reference herein.

36.     At the time of Mr. Hennessy's termination, Counterclaim Defendant Tucker Albin knowingly retained the commission owed to Mr. Hennessy.

37.     Upon information and belief, Counterclaim Defendant Tucker Albin retained control over the commissions owed to Mr. Hennessy with the intent to permanently deprive Mr. Hennessy of those funds.

38.     As a direct and proximate cause of Counterclaim Defendant's acts against Plaintiff, he has incurred damages and losses in amounts to be determined at trial.

39.     Counterclaim Defendant Tucker Albin's actions constitute a civil theft as defined by C.R.S. § 18-4-401. As a result, Mr. Hennessy is entitled to an award of three times damages, costs, and attorney fees pursuant to C.R.S. § 18-4-405.

## THIRD CLAIM FOR RELIEF
### Breach of Contract

40.     Mr. Hennessy incorporates all other paragraphs of this Complaint as if fully set forth herein.

41.     Mr. Hennessy had a contract with Counterclaim Defendant for the payment of wages and other money for services performed.

42.    Mr. Hennessy substantially performed that agreement by performing labor and services.

43.    Counterclaim Defendant breached that agreement by failing to pay Mr. Hennessy for his labor and services.

44.    As a result, Mr. Hennessy suffered actual damages as well as consequential damages arising directly from Counterclaim Defendant Tucker Albin's breach of contract.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**Alternate Claim for Relief for Unjust Enrichment/Quasi-Contract/*Quantum Meruit***

45.    Mr. Hennessy incorporates all other paragraphs of this Complaint as if fully set forth herein.

46.    Counterclaim Defendant promised to pay Mr. Hennessy wages and commissions in exchange for services.

47.    Mr. Hennessy relied on that representation and performed services with the expectation that he would be paid as promised.

48.    Mr. Hennessy was not paid for the services he provided to Counterclaim Defendant.

49.    It would be unjust for Counterclaim Defendant to retain the value of services provided to it by Mr. Hennessy without payment to Mr. Hennessy for those services.

**WHEREFORE**, Counterclaim Plaintiff William Hennessy respectfully prays for judgment in his favor and against Counterclaim Defendant Tucker Albin and Associates on his Counterclaims as follows:

a.    For compensatory damages in amounts to be proved at trial;

b.    For civil penalties and/or treble damages if so warranted on claims so applicable;

c.   For all pre-and post-judgment interest, and statutory and moratory interest, as allowed by law;

d.   For reasonable attorney fees, expenses, expert witness fees, and costs of suit herein as provided by law; and

e.   For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Mr. Hennessy demands a jury on all claims so triable.

Dated this 18th day of May, 2021.

Respectfully submitted,

**LEVIN SITCOFF PC**

_s/Bradley A. Levin_
Bradley A. Levin
Robyn Levin
1512 Larimer Street, Suite 650
Denver, Colorado 80202
Telephone: (303) 575-9390
Fax: (303) 575-9385
bal@levinsitcoff.com
rl@levinsitcoff.com
_Attorneys for Defendant_
_William M. Hennessy_

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May 2021, a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following by the method indicated which will send notification of said filing to the following email addresses:

Louis Leonard Galvis
SESSIONS, ISRAEL & SHARTLE, LLC
645 Stonington Lane
Fort Collins, CO 80525
lgalvis@sessions.legal

Kevin G. Barreca
SESSIONS, ISRAEL & SHARTLE, LLC
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002-7227
kbarreca@sessions.legal
*Attorneys for Plaintiff*
*Tucker, Albin and Associates, Inc.*

*s/Nicole R. Peterson*
Nicole R. Peterson